Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
Kendelee L. Works, Esq.
Nevada Bar No. 9611
*kworks@weidemiller.com*
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
Tel. (702) 382-4804
Fax (702) 382-4805

Attorneys for Plaintiff
SiteModel, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SITEMODEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARVISTA, LLC, a Delaware limited liability company; MATTHEW FREMER, an Arizona resident; and DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:12-cv-2153**<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff SITEMODEL, INC., a Delaware corporation (hereinafter, "Plaintiff"), alleges against Defendant CLEARVISTA, LLC, a Delaware limited liability company, and Defendant MATTHEW FREMER, an Arizona resident (together, the "Defendants"), as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. 1338(a) (acts of Congress relating to trademarks). This Court has jurisdiction over claims arising under state law in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. This Court has personal jurisdiction over Defendant CLEARVISTA, LLC because said Defendant a) operates an interactive website on the Internet that is accessible to residents of the State of Nevada; b) does business and/or has engaged in the acts complained of

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2      1

1  herein in this Judicial District and/or c) has committed intentional acts, expressly aimed at

2  Nevada, causing harm, the brunt of which is suffered - and which said Defendant knows is

3  likely to be suffered - in Nevada.

4      3.    This Court has personal jurisdiction over Defendant MATTHEW FREMER

5  because Defendant a) operates an interactive website on the Internet that is accessible to

6  residents of the State of Nevada; b) does business and/or has engaged in the acts complained of

7  herein in this Judicial District; c) has committed intentional acts, expressly aimed at Nevada,

8  causing harm, the brunt of which is suffered - and which said Defendant knows is likely to be

9  suffered - in Nevada; and/or d) upon information and belief, directs, controls, ratifies,

10  participates in, and is the moving force behind the alleged infringing activities by Defendant

11  CLEARVISTA, LLC occurring in this Judicial District.

12      4.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and

13  1391(c).

## THE PARTIES

15      5.    Plaintiff SITEMODEL, INC. is a Delaware corporation with its principal place of

16  business in Las Vegas, Nevada.

17      6.    Upon information and belief, Defendant CLEARVISTA, LLC is a Delaware

18  limited liability company having its principal place of business in Pinal County, Arizona.

19      7.    Upon information and belief, Defendant MATTHEW FREMER is an owner,

20  member, director, officer and/or manager of Defendant CLEARVISTA, LLC, and personally

21  directed, controlled, ratified, participated in, and/or authorized the infringing and tortious

22  activities described herein. Unless otherwise specifically stated, any references to Matt Fremer

23  or Defendant Matt Fremer herein shall refer to Defendant MATTHEW FREMER both in his

24  individual capacity as well as in his capacity as an owner, member, director, officer and/or

25  manager of Defendant CLEARVISTA, LLC.

26      8.    The true names and capacities of the defendants named herein as DOES 1

27  through 10 are other parties or entities who are not currently known to Plaintiff which are liable

28  to Plaintiff for the damages complained of herein. Therefore Plaintiff sues said defendants,

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2    2

whether individuals, corporations, or another type of entity by these fictitious names. Plaintiff will seek leave of this court to amend its complaint to include the actual names of said defendants when their identities are determined during the course of this litigation. Plaintiff incorporates by reference herein all paragraphs of this complaint against said unknown defendants.

## NATURE OF THE CASE

9. This is an action for registered trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1114(1) and 15 U.S.C. §1125(a)) with pendant state law claims for common law trademark infringement and unfair competition.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiff's Rights to SITEMODEL*

10. On August 14, 2009, Plaintiff's predecessor-in-interest filed a trademark registration application with the U.S. Patent and Trademark Office ("PTO") on the basis of intent-to-use under Section 1(b) of the Trademark Act to federally register the mark SITEMODEL in connection with "Modeling agencies" (the "SITEMODEL Mark").

11. At least as early as May 21, 2010, Plaintiff's predecessor-in-interest began using the SITEMODEL Mark in connection with modeling agency services. However, by virtue of the trademark application filed by Plaintiff's predecessor-in-interest, the constructive nationwide use date by Plaintiff's predecessor-in-interest of the SITEMODEL Mark is August 14, 2009.

12. The SITEMODEL Mark was registered by the PTO as Registration No. 3,829,503 on August 3, 2010.

13. On September 29, 2011, all right, title and, interest in the SITEMODEL Mark, including the associated goodwill therewith, was assigned to Plaintiff. The Assignment was recorded with the PTO on October 3, 2011.

14. Plaintiff (or Plaintiff's predecessor-in-interest) has spent considerable time, effort and money to advertise and market the SITEMODEL Mark in connection with Plaintiff's

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2   3

modeling agency services throughout the United States, including on the Internet through Plaintiff's website accessible in the United States at <www.sitemodel.org> as well as such well-known social network websites as Facebook, Twitter, and YouTube.

15. By virtue of Plaintiff's extensive, continuous, and exclusive use of the SITEMODEL Mark in connection with its modeling agency services, Plaintiff's SITEMODEL Mark has come to be recognized and relied upon by consumers as identifying the modeling agency services offered by Plaintiff and distinguishing Plaintiff's modeling agency services from the modeling agency services of others.

16. By virtue of Plaintiff's extensive, continuous, and exclusive use of the SITEMODEL Mark in connection with its modeling agency services, Plaintiff's SITEMODEL Mark has become distinctive and exclusively associated with Plaintiff's modeling agency services.

17. By virtue of Plaintiff's extensive, continuous, and exclusive use of the SITEMODEL Mark in connection with its modeling agency services, Plaintiff has developed substantial goodwill in the SITEMODEL Mark throughout the United States and as a result, the SITEMODEL Mark has come to be associated exclusively with Plaintiff and Plaintiff's modeling agency services.

### *Defendants' Infringing Activities*

18. Under 15 U.S.C. §1057(c), the trademark registration filing by Plaintiff's predecessor-in-interest constitutes constructive use of the SITEMODEL Mark nationwide, thereby giving Plaintiff a nationwide right of priority against any other person's use of the same or similar mark in connection with the goods or services cited in application following the filing date of the registration application.

19. Upon information and belief, Defendants, after Plaintiff's constructive use date of the SITEMODEL Mark, began using (and are still continuing to use to the present day) the mark SITEMODEL (the "Infringing Mark") in connection with an online internet website found at <www.sitemodel.net> which allows users to publish and share model pictures in order to network with other third parties looking for models (the "Infringing Services").

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2                     4

20. Upon information and belief, Defendants, as part of the Infringing Services, have been using the Infringing Mark in connection with actively promoting online profiles for models and offering services which allow models to promote their services online.

21. Upon information and belief, Defendants, as part of the Infringing Services, have been using the Infringing Mark in connection with actively soliciting third parties to join Defendants' website and to create online model profiles.

22. Upon information and belief, Defendants' website, as part of the Infringing Services, encourages its users to create exaggerated, impersonated, or fake model profiles for purposes of model "roleplaying," including encouraging the unauthorized use of third party intellectual property (including photographs and names of real models) as part of such users' fake profile.

23. By using the Infringing Mark in connection with such Infringing Services and the encouragement of such actions by its users, Defendants are intentionally causing confusion in the marketplace by making consumers associate the SITEMODEL Mark (and by association, Plaintiff's own website using the SITEMODEL Mark) in connection with fake (or "roleplaying") online model profiles, thereby diminishing the reputation and goodwill of the SITEMODEL Mark in connection with Plaintiff's legitimate online modeling agency services.

24. Upon information and belief, Defendants also promote the Infringing Services using the Infringing Mark on dedicated pages found on the social media websites Twitter and Facebook.

25. Upon information and belief, Defendants are driving internet users to Defendants' infringing website and social media profiles using and/or purchasing such search engine keywords as "models" and "modeling" as well as the SITEMODEL Mark.

26. The Infringing Mark is identical in appearance to the SITEMODEL Mark, and thus likely to be confused with Plaintiff's own services marketed using the SITEMODEL Mark.

27. Upon information and belief, the nature of Defendants' Infringing Services are similar to the type of modeling services offered by Plaintiff using the SITEMODEL Mark.

28. Defendants' Infringing Mark will be perceived as the same as Plaintiff's

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2                                5

1  SITEMODEL Mark by consumers who are likely to believe that the source and origin of the
2  Infringing Services emanate from or are sponsored by or affiliated with Plaintiff.

3    29.  Upon information and belief, Defendants, by using the Infringing Mark to
4  promote their Infringing Services, is attempting to trade on Plaintiff's business, reputation and
5  goodwill in its SITEMODEL Mark.

6    30.  Upon information and belief, Defendants' choice of the Infringing Mark to
7  identify the Infringing Services was done willfully, intentionally, and deliberately with full
8  knowledge and willful disregard of Plaintiff's well-known and prior established rights in the
9  SITEMODEL Mark with respect to Plaintiff's services.

10   31.  Unless enjoined by this Court, Defendants' continued use of the Infringing Mark
11 in connection with Defendants' Infringing Services is likely to cause consumers to be confused,
12 mistaken, or deceived as to the affiliation, connection or association of Defendants' Infringing
13 Services with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing
14 Services by Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement Under 15 U.S.C. §1114)**

17   32.  Plaintiff hereby realleges and incorporates by reference the allegations of each of
18 the paragraphs of this Complaint as if fully set forth herein.

19   33.  This is a claim for trademark infringement under Section 32 of the Lanham Act,
20 15 U.S.C. § 1114.

21   34.  Defendants' Infringing Mark is a colorable imitation of Plaintiff's federally
22 registered SITEMODEL Mark and Defendants' use of the Infringing Mark in connection with
23 the advertising and promotion of the Infringing Services is without permission, authority or
24 consent of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to
25 deceive.

26   35.  Defendants' use of the Infringing Mark in connection with the advertising and
27 promotion of the Infringing Services has been made willfully and deliberately notwithstanding
28 Plaintiff's well-known and prior established rights in its federally registered SITEMODEL Mark

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2                    6

1  and with both actual and constructive notice of Plaintiff's federal registration rights under 15
2  U.S.C. §1072.

3      36.    Upon information and belief, Defendants' infringing activities have caused and,
4  unless enjoined by this Court, will continue to cause, irreparable injury and other damage to
5  Plaintiff's business, reputation and goodwill in its federally registered SITEMODEL Mark for
6  which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))**

9      37.    Plaintiff hereby realleges and incorporates by reference the allegations of each of
10 the paragraphs of this Complaint as if fully set forth herein.

11     38.    This is a claim for false designation of origin and unfair competition under
12 Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

13     39.    Defendants' use of the Infringing Mark constitutes a false designation of origin, a
14 false or misleading description and representation of fact which is likely to cause confusion and
15 to cause mistake, and to deceive as to the affiliation, connection or association of Defendants
16 with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Services
17 and commercial activities by Plaintiff.

18     40.    Upon information and belief, Defendants' selection and use of a mark that is
19 confusingly similar to Plaintiff's SITEMODEL Mark in connection with Defendants' Infringing
20 Services was done willfully, intentionally, and deliberately with full knowledge and willful
21 disregard of Plaintiff's well-known and prior established rights in the SITEMODEL Mark.

22     41.    As a direct and proximate result of Defendants' false designation of origin and
23 unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to
24 suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation
25 and goodwill in Plaintiff's SITEMODEL Mark for which Plaintiff has no adequate remedy at
26 law.

27 ///
28 ///

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2       7

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

42.  Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

43.  This is a claim for trademark infringement and unfair competition arising under the common law of the State of Nevada.

44.  By virtue of having used and continuing to use the SITEMODEL Mark in commerce, Plaintiff has acquired common law trademark rights in the SITEMODEL Mark.

45.  Defendants' intentional use of a mark identical and/or confusingly similar to the SITEMODEL Mark infringes upon Plaintiff's common law trademark rights in the SITEMODEL Mark and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' Infringing Services originate from, or are affiliated with, or are endorsed by Plaintiff, when, in fact, they are not.

46.  By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed with Plaintiff in violation of the common law of the State of Nevada.

47.  Defendants' aforementioned acts have been fraudulent, oppressive and malicious, and have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

48.  As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in the SITEMODEL Mark for which Plaintiff has no adequate remedy at law.

49.  As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Plaintiffs have been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2        8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A. That the Court enter judgment in favor of Plaintiff and against the Defendants on all claims for relief alleged herein;

B. That a preliminary and permanent injunction issue pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116) enjoining and restraining the Defendants and their respective owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture, sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of any products or services, the SITEMODEL Mark or other marks that are confusingly similar to the SITEMODEL Mark, including but not limited to the Infringing Mark in connection with the Infringing Services as well as related goods and services;

C. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction pursuant to 15 U.S.C. §1116;

D. That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of the actions of the Defendants complained of herein;

E. That Defendants be ordered to pay over to Plaintiff any and all profits derived by Defendants and all damages which Plaintiff has sustained as a consequence of the actions of the Defendants complained of herein pursuant to 15 U.S.C. §1117, subject to proof at trial;

F. That the damages resulting from the actions of the Defendants complained of herein be trebled pursuant to 15 U.S.C. §1117 and awarded to Plaintiff;

G. That an award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action be awarded to Plaintiff; and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2564r2                    9

H. That Plaintiff be awarded all other relief to which Plaintiff is entitled and such other and further relief as this Court may deem just.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint which are triable by a jury.

DATED this 18th day of December, 2012.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq.
Kendelee L. Works, Esq.
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV  89128
Attorneys for Plaintiff SiteModel, Inc.